UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 18-61773-Civ-COOKE/HUNT

ANITA JAIRAM, individually and on behalf of all others similarly situated,

        Plaintiff,

v.

FASHION NOVA, INC.,
A California Company,

        Defendant.

## DEFENDANT'S RESPONSE TO PLAINTIFF'S NOTICES OF SUPPLEMENTAL AUTHORITY

    Defendant Fashion Nova, Inc. ("Fashion Nova") respectfully submits this response to Plaintiff's Notice of Supplemental Authority [DE 35] regarding the out-of-Circuit decision entered in *Peralta v. Rack Room Shoes, Inc.*, No. 2:18-cv-03738, 2018 U.S. Dist LEXIS 204000 (E.D. La. Nov. 30, 2018). Remarkably, Plaintiff has not responded to any of Fashion Nova's own notices of supplemental authority in support of its Motion to Stay [DE 27, 33], including Judge Rosenberg's now two-week old decision staying a putative TCPA class action brought by one of Plaintiff's own counsel in *Zannini v. Xpress Urgent Care, LLC*, No. 2:18-cv-14388-ROSENBERG/MAYNARD (S.D. Fla. Nov. 20, 2018). *See* DE 33.[1] Nonetheless, as described below, and for the same reasons that Plaintiff's previous supplemental authorities were of limited support [*see* DE 24, 26, 29], the supplemental authority that Plaintiff now cites does little to support her Opposition to Fashion Nova's

---

[1]     Fashion Nova has been judicious in the cases and FCC developments that it has noticed as supplemental authority in support of its Motion to Stay in this case. For example, it could have noticed recent favorable decisions from courts outside of this jurisdiction, such as the District of Rhode Island's (Chief Judge Smith) November 19, 2018 order staying a TCPA action both on primary jurisdiction and the court's inherent powers in *Laccinole v. ADT LLC*, No. 1:18-cv-00481-WES-LDA (D.R.I. Nov. 19, 2018) ("The motion is GRANTED for the reasons stated in the Defendant[']s Memorandum of Law. This action is hereby stayed pending a ruling from the Federal Communications Commission ('FCC') on how to interpret and apply the definition of 'automatic telephone dialing system' under the Telephone Consumer Protection Act, 47 U.S.C. § 227, or until further order of the Court. . . ."). But deluging this Court with such non-binding, out-of-circuit authority and authority from outside of this District would not meaningfully impact the extensive argument contained within Fashion Nova's Motion and reply brief in further support.

Motion to Stay.[2]

In *Peralta*, the defendant spent just over one page of its moving brief cursorily arguing why the primary jurisdiction doctrine justified staying that litigation pending the current FCC proceedings, *see Peralta* ECF 17-1, at 5-7, and a comparable amount of space devoted to the court's inherent authority to stay. *See id.*, at 7-8. Notably, whatever its reason, that defendant did not cite any of the TPCA cases that have been stayed under the primary jurisdiction pending the current FCC proceedings, which Fashion Nova has briefed to this Court in conjunction with its own Motion. *See*, *e.g.*, *Thomas v. Smith-Palluck Assocs. Corp.*, 2018 U.S. Dist. LEXIS 152211 (D. Nev. Sep. 6, 2018); *Eady, et al. v. Enhanced Recovery Co., LLC*, No. 3:17-cv-1008-J-32PDB, Order (M.D. Fla. Aug. 23, 2018); *Buhr, et al. v. ADT LLC*, No. 9:18-cv-80605-ROSENBERG/REINHART (S.D. Fla. July 25, 2018).[3] Such pleading failure was not lost on the *Peralta* court as it specifically noted that "nearly all of [the courts to have considered stays under the primary jurisdiction doctrine] (of which this Court is aware), have denied the motions to stay." *Peralta*, 2018 U.S. Dist LEXIS 204000, at *21 & n.15 (emphasis added) (citing only *Grogan* and two other decisions, and footnoting *Buhr*). Fashion Nova has not made the same mistake that the *Peralta* defendant did.

For all of the reasons set forth in Fashion Nova's briefs in support of its Motion to Stay, its responses to Plaintiff's supplemental authorities, and its Notice of Supplemental Authority, this Court should stay this litigation under both the primary jurisdiction doctrine and its inherent discretion to control its docket in order to allow the FCC to issue its forthcoming declaratory ruling clarifying the ATDS definition.

---

[2]  Plaintiff also recently noticed on November 29, 2018 as supplemental authority the out-of-District October 2018 decision entered in *Grogan v. Aaron's Inc.*, No. 1:18-CV-2821, 2018 U.S. Dist. LEXIS 201542 (N.D. Ga. Oct. 26, 2018). *See* DE 34. The *Peralta* court based its decision on *Grogan*, *Peralta*, 2018 U.S. Dist. LEXIS 204000, at *1 ("In *Grogan* . . . the court considered the exact same question raised by [defendant] herein . . ."), and adopted nearly word-for-word many sections. *Compare Jairam* DE 34-1, at 1-6 (*Grogan* decision); *with Jairam* DE 35-1, at 1-6 (*Peralta* decision).

[3]  In fact, the defendant's only such citation was to *Buhr* and only then in the limited context of Judge Rosenberg's order that the parties submit a status report, in response to the plaintiff's concern that a stay could be indefinite. *See Peralta*, ECF 17-1, at 8 n.28.

Date: December 4, 2018

Respectfully submitted,

/s/ Aaron S. Blynn
Aaron S. Blynn
**GENOVESE JOBLOVE & BATTISTA**
Florida Bar No. 0073464
100 S.E. Second Street
44th Floor
Miami, FL 33131
Telephone: (305) 349-2300
Email: ablynn@gjb-law.com

Daniel S. Blynn (*pro hac vice*)
Kathleen K. Sheridan (*pro hac vice*)
**VENABLE LLP**
600 Massachusetts Ave. NW
Washington, DC 20001
Telephone: 202.344.4000
Email: DSBlynn@venable.com
Email: KKSheridan@venable.com

Liz C. Rinehart (*pro hac vice*)
**VENABLE LLP**
750 East Pratt Street
Suite 900
Baltimore, MD 21202
Telephone: 410.528.4646
Email: LCRinehart@venable.com

*Counsel for Defendant Fashion Nova, Inc.*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF this 4th day of December, 2018, upon all counsel of record on the service list below.

By: /s/ Aaron S. Blynn
AARON S. BLYNN

<u>SERVICE LIST</u>

| | |
|---|---|
| Manuel S. Hiraldo<br>mhiraldo@hiraldolaw.com<br>**Hiraldo P.A.**<br>401 E. Las Olas Boulevard<br>Suite 1400<br>F. Lauderdale, FL 33301<br>Telephone: 954.400.4713 | Aaron S. Blynn<br>ablynn@gjb-law.com<br>**Genovese Joblove & Battista**<br>100 S.E. Second Street<br>44th Floor<br>Miami, FL 33131<br>Telephone: 305.349-2300 |
| Ignacio J. Hiraldo<br>ijhiraldo@ijhlaw.com<br>**IJH Law**<br>14 NE First Ave.<br>10th Floor<br>Miami, FL 33132<br>Telephone: 786.351.8709 | Daniel S. Blynn<br>Kathleen K. Sheridan<br>dsblynn@venable.com<br>kksheridan@venable.com<br>**Venable LLP**<br>600 Massachusetts Ave. NW<br>Washington, DC 20001<br>Telephone: 202.344.4000 |
| Scott A. Edelsberg<br>scott@edelsberglaw.com<br>**Edelsberg Law, P.A.**<br>19495 Biscayne Blvd. #607<br>Aventura, FL 33180<br>Telephone: 305.975.3320 | Liz C. Rinehart<br>lcrinehart@venable.com<br>**Venable LLP**<br>750 East Pratt Street<br>Suite 900<br>Baltimore, MD 21202<br>Telephone: 410.528.4646 |
| Michael Eisenband<br>MEisenband@Eisenbandlaw.com<br>Eisenband Law, P.A.<br>515 E. Las Olas Boulevard, Suite 120<br>Ft. Lauderdale, FL 33301<br>Telephone: 954.533.4092 | *Counsel for Defendant Fashion Nova, Inc.* |

*Counsel for Plaintiff Anita Jairam and the Class*