UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 18-61773-Civ-COOKE/HUNT

ANITA JAIRAM, individually and on behalf
of all others similarly situated,

               Plaintiff,

v.

FASHION NOVA, INC.,
 A California Company,

               Defendant.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Fashion Nova, Inc. ("Fashion Nova") respectfully submits this response to Plaintiff's Notice of Supplemental Authority [DE 37] regarding the order entered in *Goldschmidt v. Rack Room Shoes, Inc.*, No. 1:18-cv-21220-KMW (S.D. Fla. Jan. 4, 2019) (Williams, J.). As described below, and for the same reasons that Plaintiff's previous supplemental authorities were of limited support [*see* DE 24, 26, 29, 35], the supplemental authority that Plaintiff now cites does little to support her Opposition to Fashion Nova's Motion to Stay.

In *Goldschmidt*, the defendant did not seek a stay under the primary jurisdiction doctrine but, rather, purely on grounds that the court has discretion to control its own docket. *See* Def. Rack Room Shoes, Inc.'s Mot. to Stay and Mem. of Law [*Goldschmidt* DE 23, at 3-9]. For that reason, neither party briefed the application of the primary jurisdiction doctrine to the issue of whether a stay should be granted pending the FCC's forthcoming ruling clarifying the definition of "automatic telephone dialing system" ("ATDS" or autodialer) under the TCPA – the principle basis on which Fashion Nova's own Motion to Stay is based. Thus, Judge Williams did not have occasion to decide the issue presently before this Court.

There are, however, several other reasons why the *Goldschmidt* order is of little utility here. First, briefing on the defendant's motion to stay was completed in mid-

September 2017.  Thus, neither the parties nor Judge Williams had the benefit of discussion of or citation to the following more recent developments at the FCC with respect to the autodialer proceedings:

- Scores of stakeholders, including industry participants and consumer groups, have met with representatives from the FCC Chairman's and other Commissioners' offices, the FCC's Consumer and Governmental Affairs Bureau ("CGB"), and other FCC Bureaus and Divisions about the ATDS and other issues raised in the Commission's public notices  underlying the current FCC proceedings.[1]  Notably, neither Plaintiff nor her attorneys have taken advantage of their own rights to meet with the FCC to discuss their views on how the Commission should clarify the ATDS definition.

- On September 18, 2018, the FCC released copies of letters from earlier that month that Chairman Pai wrote to Congressmen Buck, McKinley, and Zeldin, regarding the TCPA, stating, among other things, that "[t]he Commission is now poised to examine and reconsider these issues [the ATDS definition and other issues following the D.C. Circuit's decision in *ACA Int'l v. FCC*, 885 F.3d 687 (D.C. Cir. 2018)]."[2]

- On October 3, 2018, the FCC issued *sua sponte* another public notice seeking further comment on the definition of an ATDS in light of the Ninth Circuit's

---

[1]     For example, (1) on September 17, 2018, the National Consumer Law Center ("NCLC"), the Consumers Union, Public Knowledge, the National Association of Consumer Advocates, and the Electronic Privacy Information Center (the "Consumer Groups") met with representatives from FCC Chairman Pai's office; (2) on September 19, 2018, ACA International met with leadership from a number of FCC Bureaus and Divisions; (3) on September 20, 2018, the American Association of Healthcare Administrative Management, Winning Strategies Washington, Anthem, Inc., Blue Cross Blue Shield Association, and WellCare Health Plans, Inc. met with representatives from FCC Chairman Pai's office (4) on October 3, 2018, the National Association of Federally-Insured Credit Unions met with representatives from the FCC's CGB; on October 23, 2018, the NCLC had a conference call with FCC Staff; (5) on October 26, 2018, NCLC had another conference call, this time with representatives from Commissioner Rosenworcel's office; (6) on October 30, 2018, ADT LLC met with representatives from Chairman Pai's and Commissioner's O'Rielly's, Carr's, and Rosenworcel's offices, and the FCC's CGB; (7) on November 1, 2018, Capital One met with representatives from the FCC's CGB; (8) on November 5, 2018, Callfire, Inc. met with representatives from the FCC's Office of General Counsel; (9) on November 8, 2018 CallFire met with representatives from Chairman Pai's and Commissioner Rosenworcel's offices, and the FCC's CGB; (10) on November 13, 2018, the Internet & Television Association met with representatives from the FCC's CGB; (11) on November 19, 2018, Sirius XM Radio Inc. met with representatives from Chairman Pai's and Commissioner Rosenworcel's offices, Commissioner O'Rielly and members of his staff, and Commissioner Carr and members of his staff; and (12) on December 6, 2018, LiveVox, Inc. met with representatives from Chairman Pai's office and the FCC's CGB. The Consumer Groups also sent a letter to the FCC on November 13, 2018 supplementing their previous June and October comments to the FCC on the ATDS issue, and had a conference call with FCC Staff regarding that letter on November 15, 2018.  Fashion Nova would be happy to provide the Court with copies of letters publicly-available on the FCC's website documenting the above-described meetings and conference calls should the Court so request.

[2]     Copies of these letters are publicly-available on the FCC's website. *See* https://www.fcc.gov/chairman-pais-letters-congress (released by FCC on Sept. 18, 2018).

decision in *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041 (9th Cir. 2018). *See* Fashion Nova's Not. of Supp. Auth. [DE 27].[3]  Beyond characterizing the Ninth Circuit's decision as "expansive," the FCC set a tight schedule for public comments, with initial comments due October 17, 2018 and reply comments due seven days later on October 24.  *Id.*  A number of stakeholders submitted comments and reply comments in response to that public notice; Plaintiff did not.

- Just a few weeks ago, on December 13, 2018, FCC Commissioner O'Rielly noted in his Statement accompanying the FCC's order of that same date establishing a reassigned number database and corresponding safe harbor under the TCPA for those callers that utilize such database but still reach an unintended recipient – *one of the issues, like the ATDS definition, raised in the FCC's May 2018 Public Notice* [*see* DE 13-1, at 3] – that Chairman Pai "ha[s] promised that a comprehensive redo of our TCPA rules will be considered *promptly*."[4]

These activities at and by the FCC underscore that the agency is actively considering the ATDS issue and moving towards resolution.  Indeed, as noted above, just a few weeks ago, the FCC began issuing rulings on the issues raised in the same May 2018 Public Notice, which called for comment on the autodialer definition.  At the same time, Commissioner O'Rielly disclosed that Chairman Pai has promised a forthcoming ruling on the ATDS definition "promptly."

Second, the *Goldschmidt* order relies on questionable authority.  For example, the order relies upon *Guirola-Beeche v. U.S. Dep't of Justice*, 662 F. Supp. 1414 (S.D. Fla. 1987) as articulating the factors that courts evaluate in determining whether to stay a case pursuant to their inherent authority.  However, that 42 year-old decision was not one involving a stay of litigation but, rather, the issue was whether the court should stay the accrual of interest and handling charges on a delivery bond designed to ensure that an illegal alien would appear at court and Immigration and Naturalization Service removal proceedings.  *Id.* at 1415.  *Guirola-Beeche* simply did not address the type of stay being sought by Fashion Nova here and the four-factor test that that court articulated has no

---

[3]     Plaintiff did not respond to Fashion Nova's notice of the October 3, 2018 FCC public notice as supplemental authority.  In fact, not once in this case has Plaintiff responded to Fashion Nova's notice of supplemental authority supporting its Motion to Stay.

[4]     *See* Statement of Commissioner Michael O'Rielly, *In re Advanced Methods to Target and Eliminate Unlawful Robocalls*, Second Report and Order, CG Docket No. 17-59, at 48 (FCC Dec. 13, 2018) (*available at* https://docs.fcc.gov/public/attachments/FCC-18-177A1.pdf) (emphasis added).

relevance to stays of litigation.

The *Goldschmidt* order also cites *Trujillo v. Conover & Co. Commc'ns*, 221 F.3d 1262 (11th Cir. 2000) for the proposition that a stay must not be "immoderate." Yet, the issue in *Trujillo* was whether the court should stay the litigation before it pending a decision in a related case being litigated in the Bahamas under abstention principles and the court's inherent authority. Fashion Nova is not seeking a stay pending another court's decision in ongoing litigation but, rather, to allow the agency charged with construing and enforcing the TCPA to issue a ruling clarifying the ATDS definition that will govern this case. That is the quintessential fact pattern justifying a stay under the primary jurisdiction doctrine. In any event, as Fashion Nova has argued (DE 22, at 8-10), and Judge Bloom confirmed this past November in denying the plaintiff's motion to lift a stay entered pursuant to the primary jurisdiction to allow the FCC to issue a declaratory ruling interpreting the TCPA, the length of a stay is not a factor courts consider in applying the primary jurisdiction doctrine:

> The Court previously granted Defendant M3 USA Corporation's ("Defendant") request to stay this matter pending a ruling from the Federal Communications Commission ("FCC") on its Petition for Expedited Declaratory Ruling, finding that a stay is warranted pursuant to the "primary jurisdiction doctrine." *In the instant Motion, Plaintiffs request that the Court lift the stay because more than a year has passed since Defendant estimated the FCC would issue a ruling. Plaintiffs argue that Defendant's prediction about a prompt ruling from the FCC has proven to be false, and upon this basis alone, the Court may lift the stay.*
>
> *The Court disagrees. Plaintiffs do not point to any compelling reason for the Court to alter its determination that a stay continues to be warranted under the "primary jurisdiction doctrine."* Furthermore, upon review, the authorities relied upon by Plaintiffs do not alter the Court's conclusion. In the alternative, Plaintiffs request that the Court impose an outer limit upon the duration of the stay. At this time, the Court declines to do so, and will continue to review the parties' status reports to determine the ongoing propriety of the stay in this case.

*Comprehensive Health Care Sys. of the Palm Beaches, Inc. v. M3 USA Corp.*, No. 9:16-cv-80967, DE 120 (S.D. Fla. Nov. 9, 2018) (Bloom, J.) (emphasis added and internal citation omitted) (attached hereto as Exhibit "A").

Judge Williams also cited three recent decisions in which stays pending the current FCC proceeding were denied – *Halperin v. Youfit Health Clubs, LLC*, No. 18-61722-cv-

Dimitrouleas (S.D. Fla. Sept. 19, 2018); *Powell v. Youfit Health Clubs, LLC*, No. 17-62328-cv-Bloom (S.D. Fla. Sept. 24, 208); and *Poirier v. Cubamax Travel, Inc.*, No. 18-23240-Altonaga (S.D. Fla. Oct. 9, 2018). Plaintiff has noticed each of those decisions as supplemental authority in this case and Fashion Nova has responded in turn explaining why not one of them bears on its own Motion. *See* DE 24 (Fashion Nova's response to *Halperin*); 26 (Fashion Nova's response to *Powell*); 29 (Fashion Nova's response to *Poirier*). While there are a number of reasons why none of those cases undermine Fashion Nova's Motion, *see id.*, a common thread amongst them is that not one addressed the propriety of a stay under the primary jurisdiction doctrine.

For all of the reasons set forth in Fashion Nova's briefs in support of its Motion to Stay, its responses to Plaintiff's supplemental authorities, and its own Notices of Supplemental Authority, this Court should stay this litigation under both the primary jurisdiction doctrine and its inherent discretion to control its docket in order to allow the FCC to issue its forthcoming declaratory ruling clarifying the ATDS definition.

Date: January 4, 2019

Respectfully submitted,

*/s/ Aaron S. Blynn*
Aaron S. Blynn
**GENOVESE JOBLOVE & BATTISTA**
Florida Bar No. 0073464
100 S.E. Second Street
44th Floor
Miami, FL 33131
Telephone: (305) 349-2300
Email: ablynn@gjb-law.com

Daniel S. Blynn (*pro hac vice*)
Kathleen K. Sheridan (*pro hac vice*)
**VENABLE LLP**
600 Massachusetts Ave. NW
Washington, DC 20001
Telephone: 202.344.4000
Email: DSBlynn@venable.com
Email: KKSheridan@venable.com

Liz C. Rinehart (*pro hac vice*)
**VENABLE LLP**
750 East Pratt Street
Suite 900
Baltimore, MD 21202
Telephone: 410.528.4646
Email: LCRinehart@venable.com

*Counsel for Defendant Fashion Nova, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF this 4th day of January, 2019, upon all counsel of record on the service list below.

By:    /s/ Aaron S. Blynn
       **AARON S. BLYNN**

## SERVICE LIST

Manuel S. Hiraldo
mhiraldo@hiraldolaw.com
**Hiraldo P.A.**
401 E. Las Olas Boulevard
Suite 1400
F. Lauderdale, FL 33301
Telephone: 954.400.4713


Ignacio J. Hiraldo
ijhiraldo@ijhlaw.com
**IJH Law**
14 NE First Ave.
10th Floor
Miami, FL 33132
Telephone: 786.351.8709


Scott A. Edelsberg
scott@edelsberglaw.com
**Edelsberg Law, P.A.**
19495 Biscayne Blvd. #607
Aventura, FL 33180
Telephone: 305.975.3320


Michael Eisenband
MEisenband@Eisenbandlaw.com
Eisenband Law, P.A.
515 E. Las Olas Boulevard, Suite 120
Ft. Lauderdale, FL 33301
Telephone: 954.533.4092


*Counsel for Plaintiff Anita Jairam and the Class*

Aaron S. Blynn
ablynn@gjb-law.com
**Genovese Joblove & Battista**
100 S.E. Second Street
44th Floor
Miami, FL 33131
Telephone: 305.349-2300


Daniel S. Blynn
Kathleen K. Sheridan
dsblynn@venable.com
kksheridan@venable.com
**Venable LLP**
600 Massachusetts Ave. NW
Washington, DC 20001
Telephone: 202.344.4000


Liz C. Rinehart
lcrinehart@venable.com
**Venable LLP**
750 East Pratt Street
Suite 900
Baltimore, MD 21202
Telephone: 410.528.4646


*Counsel for Defendant Fashion Nova, Inc.*